## RICHARD OSTROSKI *v.* COMMISSIONER OF CORRECTION
### (SC 18600)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Harper, Js.

Submitted on briefs—officially released July 5, 2011

*Damon A. R. Kirschbaum,* filed a brief for the appellant (petitioner).

*Madeline A. Melchionne* and *Terrence M. O'Neill,* assistant attorneys general, *George Jepsen,* attorney general, and *Richard Blumenthal,* former attorney general, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The sole issue in this appeal[1] is whether General Statutes § 53a-35b, which defines a

_____

[1] The petitioner appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

sentence of life imprisonment as a term of sixty years, applies to the sentence of the petitioner, Richard Ostroski, who committed the offense prior to July 1, 1981, the effective date of § 53a-35b, but was sentenced after that date. The petitioner contends that the habeas court improperly rejected his challenge to his indeterminate sentence on the basis of that court's conclusion that the statute only applies prospectively. This court recently rejected an identical argument advanced by the petitioner in *Castonguay* v. *Commissioner of Correction*, 300 Conn. 649, 16 A.3d 676 (2011), a case that is indistinguishable from the present case as to the material facts. Because *Castonguay* controls, which the petitioner in the present case concedes, the appeal is dismissed.

The appeal is dismissed.